UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CLARE, | 1:05-cv-00598-REC-SMS |
| Plaintiff, | |
| vs. | **ORDER SETTING VOLUNTARY SETTLEMENT CONFERENCE** |
| GOTTSCHALKS, INC., a Delaware corporation, PAN PACIFIC RETAIL PROPERTIES, INC., a Maryland corporation, et al., | Date:  11/15/05<br>Time:  1:30 p.m.<br>Ctrm:  Four<br>Judge: Hon. Sandra M. Snyder, |
| Defendants. | U.S. Magistrate Judge |

This matter came on regularly for a Mandatory Scheduling Conference on August 23, 2005 at 9:00 a.m. in Courtroom No. 4 before the Honorable Sandra M. Snyder, United States Magistrate Judge, pursuant to the court's Order Setting Mandatory Scheduling Conference, filed May 3, 2005 (doc. 5).  Jason K. Singleton, Esq., of the Singleton Law Group appeared telephonically on behalf of plaintiff.  David R. McNamara, Esq., of McCormick, Barstow, Sheppard, Wayte & Carruth, LLP, appeared on behalf of defendant, Gottschalks, Inc.  Rebecca Weinstein-Hamilton, Esq., of Caulfield, Davies & Donahue, LLP, appeared telephonically on behalf of defendant, Pan Pacific Retail Properties, Inc.

1

The parties stipulated to continue scheduling this case until after a Voluntary Settlement Conference, to be held on November 15, 2005 at 1:30 p.m. in Courtroom No. 4 before Judge Snyder.  This case will be scheduled after this Settlement Conference if it is not settled on November 15, 2005.

### SETTLEMENT CONFERENCE REQUIREMENTS

Therefore, unless otherwise permitted in advance by Judge Snyder, **the attorneys who will try the case shall personally appear** at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms**[1] at the conference.

Permission for a party *[not attorney]* to attend by telephone may be granted by Judge Snyder upon request, by letter, with a copy to the other parties, IF the party lives and works outside the Eastern District of California, AND attendance in person would constitute a hardship.  If telephone attendance is allowed, **the party must be** *immediately* **available throughout the conference, until excused, regardless of time zone differences**. Any other special arrangements desired in cases where settlement authority rests with a governing body shall also be proposed, in advance, by letter, and copied to all other parties.

//

---

[1] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors, or the like, shall be represented by a person or persons who occupy high executive positions in the party organization, and who will be directly involved in the process of approval of any settlement offers or agreements.  To the extent possible, the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

2

1 **CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT**

2 A Confidential Settlement Conference Statement is **MANDATORY**,
3 and must be submitted to Judge Snyder's chambers, **at least five**
4 **(5) court days prior to the Settlement Conference**, by e-mail to
5 SMSOrders@caed.uscourts.gov.  Failure to so comply may result in
6 the imposition of monetary and/or other sanctions.

7 The Statement should **not be filed** with the Clerk's Office
8 nor **served on any other party**, although the parties may file a
9 Notice of Lodging Confidential Settlement Conference Statement.
10 Each Statement shall be clearly marked "Confidential" with the
11 date and time of the Settlement Conference indicated prominently
12 thereon.  Counsel are urged to request the return of their
13 Statements if settlement is not achieved and, if such a request
14 is not made, the Court will dispose of the Statement.

15 The Confidential Settlement Conference Statement shall
16 include the following:

17 A. A brief statement of the facts of the case.

18 B. A brief statement of the claims and defenses, i.e.,
19 statutory or other grounds upon which the claims are founded; a
20 forthright evaluation of the parties' likelihood of prevailing on
21 the claims and defenses; and, a description of the major issues
22 in dispute.

23 C. A summary of the proceedings to date.

24 D. An estimate of the cost and time to be expended for
25 further discovery, pretrial, and trial.

26 E. The relief sought.

27 //
28 /

3

F.  The party's position on settlement, including present demands and offers, and a history of past settlement discussions, offers, and demands.

### **ADMONITION**

If it is clear to counsel and/or the parties that this case is not in a settlement posture, counsel are directed to contact this Court's staff immediately to make arrangements for a continuance **OR** to take it off calendar.  **OTHERWISE**, this Court will assume the following:

1.  That plaintiff has provided defendants with a timely demand;

2.  That the parties have met and conferred sufficiently at least once prior to the Settlement Conference regarding possible settlement; and,

3.  That the parties are therefore ready, willing, and able to settle the case, meaning that (A) defendants have settlement authority, and (B) plaintiff is willing to negotiate in good faith.

If there is no settlement authority from either or any party and/or it is the hope of one or more parties that this Court assess strengths and weaknesses of each parties' cases such that this Court will hopefully convince a party to dismiss his/her/their lawsuit, **THIS IS NOT SETTLEMENT.**  In such a situation, the parties are ordered to coordinate a telephonic conference call with this Court, through Courtroom Deputy Harriet Herman at (559) 498-7252 OR Judicial Assistant Frances Robles at (559) 498-7325, prior to the Settlement Conference, to discuss the status of settlement.  Failure to do so could result in sanctions against

4

1 | any or all parties if appearances are made and it was known to
2 | one or more parties that the case cannot settle.
3 | IT IS SO ORDERED.
4 | **Dated:     August 24, 2005**                    **/s/ Sandra M. Snyder**
icido3                                        UNITED STATES MAGISTRATE JUDGE